[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2009
THOMAS K. KAHN
CLERK

No. 08-13243
Non-Argument Calendar

_____

D. C. Docket No. 97-00344-CR-T-23-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN LEE COLLINS,
a.k.a. Block,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2009)

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

John Lee Collins, who was convicted of a crack cocaine offense, pro se appeals the denial of his motion for sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706.  The district court denied the motion because Collins's base offense level was determined using the career offender guideline, U.S.S.G. § 4B1.1, rather that U.S.S.G. § 2D1.1.  Collins argues that (1) his career offender status did not preclude him from receiving a reduction; (2) the district court should have re-sentenced him under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); and (3) the district court erred in calculating his career offender guideline imprisonment range.  For the reasons set forth below, we affirm.[1]

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).  A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Amendment 706, which was made retroactive by Amendment 713, reduced the offense levels in § 2D1.1 for crack

---

[1] Upon Collins's appeal from the district court's denial of his motion, we ordered Collins's appeal stayed pending resolution of United States v. Moore.  After deciding Moore, we directed the parties to advise whether any issues remained unresolved.  Based on the parties' responses, we ordered that the matter be briefed.

cocaine offenses by two levels. See U.S.S.G. App. C, Amends. 706, 713 (2008). Any sentence reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statements provide that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . [a retroactive amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)).

The district court did not err in denying Collins's motion. See James, 548 F.3d at 984. First, Collins was sentenced as a career offender, and § 2D1.1 played no ultimate role in his sentence. Thus, Amendment 706 did not effect the guideline imprisonment range used to sentence Collins, and he was not eligible for a reduction. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence").

3

Also, regarding Collins's Booker arguments, Booker does not provide an independent basis for the district court to reduce a defendant's sentence or give the district court authority to grant a reduction beyond the two levels authorized by Amendment 706. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008), cert. denied, (U.S. Mar. 23, 2009) (No. 08-8865) (holding that, where a defendant is not eligible for sentence reduction under the Amendment, Booker does not provide an independent basis for relief); United States v. Melvin, No. 08-13497, manuscript op. at 7 (11th Cir. Feb. 3, 2009), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664) (holding that Booker and its progeny "do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission").

Furthermore, to the extent that Collins argues that his career offender guideline imprisonment range was calculated using the wrong base offense level, a § 3582(c)(2) motion is not the proper venue to pursue such a sentence-calculation challenge. See United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000) (holding that, in substituting the amended base offense level for the originally applied base offense level, the district court must leave intact all other guideline application decisions made during the original sentencing); Moreno v. United States, 421 F.3d 1217, 1220 (11th Cir. 2007) (holding that § 3582(c)(2)

proceedings do not constitute a full, or <u>de novo</u>, re-sentencing of the defendant).

Accordingly, because Collins has made no argument that merits relief, we affirm.

**AFFIRMED.**